UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TOYANNE L. HALL,

      Plaintiff,                    Civil Action No. 15-12729
                                    Honorable John Corbett O'Meara
          v.                    Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

      Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR REMAND [R. 18] AND
TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT [R. 16], MOTION FOR JUDGMENT ON
THE PLEADINGS [R. 17], AND MOTION TO SET ASIDE [R. 19]**

*Pro se* plaintiff Toyanne L. Hall appeals a final decision of defendant

Commissioner of Social Security ("Commissioner") denying her application

for disability insurance benefits ("DIB") under the Social Security Act (the

"Act").  Conceding that the administrative law judge ("ALJ") erred below, the

Commissioner moves the Court to reverse the ALJ's decision and remand

the case for further administrative proceedings.  [R. 18].  In three separate

motions, Hall opposes the Commissioner's motion to remand and argues

that the Court should reverse the ALJ's decision for an immediate award of

benefits.  [R. 16; R. 17; R. 19].  For the reasons set forth below, the Court

**RECOMMENDS** that:

- the Commissioner's motion for remand [R. 18] be **GRANTED**;

- Hall's motion for summary judgment [R. 16], motion for judgment on the pleadings [R. 17] and motion to set aside [R. 19] be **GRANTED IN PART** and **DENIED IN PART**. The motions should be granted to the extent they seek reversal of the Commissioner's decision but denied in all other respects, including their request to remand for an award of benefits; and

- the Commissioner's decision be **REVERSED** and this case **REMANDED** for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    BACKGROUND

Hall filed an application for DIB alleging disability based on legal blindness and chronic fatigue, with an alleged disability onset date of August 22, 2007. [R. 14-6, Tr. 307]. In a decision dated November 23, 2010, an ALJ found that from August 22, 2007 to August 2, 2010 Hall had severe impairments of refractive amblyopia of her right eye and blindness of her left eye, but was not disabled. [R. 14-3, Tr. 91]. The ALJ further found that beginning on August 3, 2010, Hall suffered from seizures and

2

had the additional severe impairment of narcolepsy, the combination of which made her disabled under the Act.  [*Id.*, Tr. 91, 93].

The Appeals Council reviewed the ALJ's decision per Hall's request, and on July 26, 2012, it entered an order vacating the decision and remanding the case to the ALJ for further proceedings based upon finding that: (1) the medical evidence did not support that Hall suffered from seizures; (2) the extent of Hall's limitations due to narcolepsy was unclear; (3) Hall did not suffer from blindness in the left eye, as her corrected visual acuity in the left eye was 20/20; and (4) the ALJ did not explain how Hall's visual impairments would produce exertional limitations of her to light work. [R. 14-3, Tr. 101-03].

On remand, the ALJ found that Hall had severe impairments of history of narcolepsy, obstructive sleep apnea, and right eye vision loss; that Hall had the residual functional capacity to perform medium work, but that she could not read very fine print, and she had to avoid hazards such as unprotected heights, moving machinery and motor vehicle operation; and that Hall could perform past relevant work and was not disabled.  [R. 14-2, Tr. 11-17].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Hall timely filed for

3

judicial review.  [*Id.*, Tr. 1-3; R. 1].

## II.   ANALYSIS

The fourth sentence of 42 U.S.C. § 405(g) gives a district court "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Where, as here, the Commissioner concedes that the ALJ's decision contains legal errors and cannot stand, the Court must decide whether to reverse the decision and remand for further proceedings or reverse the decision for an immediate award of benefits.

Reversing the Commissioner's decision for an immediate award of benefits is appropriate only where "'all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits[.]'"  *See Krupa v. Comm'r of Soc. Sec.*, 366 F.Supp.2d 513, 518 (6th Cir. 2005) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)).  A judicial award of benefits is proper only if the proof of entitlement to benefits is overwhelming, or the proof of entitlement is strong and evidence to the contrary is lacking.  *Faucher*, 17

4

F.3d at 176; *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Otherwise, the Court must remand for additional explanation and resolution of all essential factual issues. *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

Hall argues that there are no outstanding issues to be resolved and that the record demonstrates that she is disabled and entitled to benefits. The Commissioner contends that remand is warranted so that the Appeals Council can instruct the ALJ to, among other things, evaluate the opinion of Hall's treating physician, Stephen Swetech, D.O., and explain the weight given to his opinion. The Court agrees with the Commissioner.

Here, the evidence in the record does not overwhelmingly establish that Hall is entitled to benefits. While Dr. Swetech opined that Hall's narcolepsy, obesity, fatigue, vision impairment, and other impairments restricted her to never lifting more than 10 pounds, only occasionally lifting 10 pounds or less and only standing, walking and sitting for two hours each in one day [R. 14-8, Tr. 583-85], two consulting physicians who reviewed the record opined that Hall's impairments did not result in functional limitations or restrictions that are equivalent to a person who is disabled [R. 14-7, Tr. 538-57].

5

After reviewing the medical evidence, Francis B. Buda, M.D. prepared a medical interrogatory concluding that Hall had the impairments of unilateral visual impairment and history of narcolepsy and obstructive sleep apnea.  [R. 14-7, Tr. 538].  Dr. Buda opined that Hall's visual impairment was non-severe based on the fact that she drives and surfs the internet.  [*Id.*, Tr. 539, citing R. 14-6, Tr. 327].  Additionally, Dr. Buda stated that he could not determine the severity of Hall's narcolepsy to analyze it under a specific listing because she was not receiving the requisite ongoing treatment and was not taking any medication, and that the medical records did not support a diagnosis of seizures.  [*Id.*, Tr. 539-40].  In a medical source statement regarding the ability to do work-related activities, Dr. Buda opined that Hall had no functional limitations other than that she could never climb ladders or scaffolds, never operate a motor vehicle, and never be exposed to unprotected heights or moving mechanical parts.  [*Id.*, Tr. 542-47].

The second consulting physician, Jeffrey A. Horwitz, M.D., only evaluated Hall's visual impairment.  He found that Hall had severely reduced vision in her right eye but that her visual acuity in her left eye was between 20/20 and 20/40.  [R. 14-7, Tr. 548-50].  Based on her visual

6

impairment, Dr. Horwitz similarly opined that Hall should not be exposed to unprotected heights, moving mechanical parts or operating a motor vehicle, and that while she can read ordinary newspaper or book print, she would have trouble with very fine print.  [*Id.*, Tr. 550, 554-55].

Although Dr. Swetech's records and opinion *may* support a finding that Hall is disabled, this is not a case where proof of entitlement to benefits is overwhelming or proof of entitlement to benefits is strong and evidence to the contrary is lacking.  In addition to the contradictory opinions of Dr. Buda and Dr. Horwitz, Hall's own statements support a finding that proof of entitlement to benefits is not overwhelming.  In her function report, Hall stated that, among other activities, she spent three to five hours several days per week making her own meals; she did housework two times per week for the entire day; she shopped three to five times a month for eight to ten hours; she "surfs" on her computer and walks often; and she goes to bible study twice a week for four hours total and volunteers twice a week for one to two hours.  [R. 14-6, Tr. 323-30].

 Because essential factual issues have not been resolved and the record does not adequately establish Hall's entitlement to benefits, a judicial award of benefits is not appropriate.  *See Faucher*, 17 F.3d at 176.

7

Rather, as the Commissioner suggests, this case should be "remanded to the Appeals Council, which will instruct the [ALJ] to: 1) evaluate Dr. Swetech's opinion, and provide an explanation for the weight given; 2) further consider Plaintiff's maximum residual functional capacity, with specific reference to the evidence of record; and 3) if warranted, obtain supplemental evidence from a vocational expert."  [*See* R. 18, PgID 915].

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion for remand [R. 18] be **GRANTED**; Hall's motions [R. 16; R. 17; R. 19] be **GRANTED** to the extent they seek reversal of the Commissioner's decision but **DENIED** in all other respects, including to the extent they seek an immediate award of benefits; and the Commissioner's decision be **REVERSED** and this matter **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

Dated: April 12, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

9

limitation.  If the Court determines that any objections are without merit, it

may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 12, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager